IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WASEEM DAKER, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:19-CV-159 (WLS-TQL) |
| E. LEE DAVIS, *et al*, | : |
| Defendants. | : |

## **ORDER**

Before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff, filed on July 7, 2020 (Doc. 12), Plaintiff's Objections to Judge Langstaff's Recommendation, filed on August 31, 2020 (Doc. 17), Plaintiff's Motion for Reconsideration – styled as an objection – to Judge Langstaff's denial of a previous motion for free copies of judicially noticed records and cases cited in the Magistrate Judge's Recommendation, filed on August 31, 2020 (Doc. 18), and Plaintiff's two Motions to Expedite Consideration of Objections to Recommendation, filed on July 1, 2021 and August 30, 2021 respectively. (Docs. 20 and 21.) Judge Langstaff recommends dismissing without prejudice Plaintiff Waseem Daker's claims that the Defendants' refusal to tender the requested audio files violated the *First Amendment, Fourteenth Amendment*, and the Georgia Open Records Act, O.C.G.A. §§ 50-18-72 to -77 ("ORA").

Plaintiff objected to nearly the entirety of Judge Langstaff's Recommendation (Doc. 12) and filed a Motion for Reconsideration on August 13, 2020 (Doc. 18) – styled as an objection – to Judge Langstaff's August 13, 2020 order. (Doc. 16.) In the August 13, 2020 order Judge Langstaff denied Plaintiff's Motion for the Court to Provide Free Copies of Judicially Noticed Court Records and Copies of Cases. (Docs. 13 & 14.) Between Plaintiff's Objection and Motion for Reconsideration, Plaintiff raises five distinct objections. (Docs. 17

1

& 18.)[1] For the reasons that follow, Plaintiff's Motion for Reconsideration (Doc. 18) is **DENIED** and Judge Langstaff's Recommendation (Doc. 12 ) is **ACCEPTED** and **ADOPTED**. Finally, Plaintiff's Motions to Expedite (Docs. 20 and 21) are **DENIED** as **MOOT**.

I. **Standard of Review**

A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which an objection is made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. If no timely objection is filed, the court considers the recommendation for clear error. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (quoting the Fourth Circuit and stating, "Most circuits agree that '[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"). In the present case Judge Langstaff granted an extension of an additional thirty (30) days to file an objection on August 13, 2020. (Doc. 16.) Plaintiff filed a timely objection to Judge Langstaff's Recommendation on August 31, 2020 (Doc. 17) and the above-mentioned Motion for Reconsideration – styled as an objection – on the same day. (Doc. 18.) Therefore, this Court will conduct a *de novo* review of the portions of the Recommendation (Doc. 12) to which Plaintiff objects. As Plaintiff's Motion for Reconsideration was filed after the objection and is styled as an objection, this Court exercises its discretion and reviews the Motion for Reconsideration as an objection and the issues objected to therein *de novo*.

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), abrogated in part on other grounds by *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

---

[1] Plaintiff specifically objects to: (1) the Magistrate Judge's denial of free copies of judicially noticed court records; (2) the Magistrate Judge's denial of copies of cases cited in the Recommendation; (3) the Magistrate Judge's finding that Plaintiff failed to state a First Amendment claim; (4) the Magistrate Judge's finding that Plaintiff failed to state a Fourteenth Amendment claim; and (5) the Magistrate Judge's finding that this Court does not have subject matter jurisdiction over Plaintiff's state law claim.

*Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). The Court shall dismiss a *pro-se* prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

As "[f]ederal courts are courts of limited jurisdiction" federal courts are only permitted to hear cases authorized by the Constitution or the laws of the United States. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court thus has an obligation to ensure that it has subject matter jurisdiction over each case or controversy that appears before it. *See, e.g., Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Constr. Co.*, 607 F.3d 1268, 1273 (11th Cir. 2010). If, at any time, a federal court finds "that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). While Plaintiff should be given notice and an opportunity to respond where the Court intends to dismiss his claims for lack of jurisdiction, an evidentiary hearing is not required. *Cf., e.g., Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1170 (11th Cir. 2011) ("When resolving factual disputes underlying a Rule 12(b)(1) motion, a court may consider oral

evidence along with written, but an evidentiary hearing is not required." (internal quotation marks omitted).

### II. Factual Background

On August 6, 2019, Plaintiff Daker filed a request under Georgia's Open Records Act ("ORA") O.C.G.A. §§ 50-18-70 *et seq.*, seeking "[a] copy of all songs in rotation or on the playlist or in the song bank for the Valdosta State University radio station, WVVS, 90.9 FM, the 'Voice of Valdosta State.'" (Doc. 11.) On August 9, 2019 Defendant Davis, the chief legal affairs officer of Valdosta State University (VSU), responded that he anticipated providing a response to Plaintiff by August 16, 2019. (*Id.*) On that date, Defendant Davis provided plaintiff with copies of the current playlists for WVVS. (*Id.*) In that response Defendant Davis stated that "'[i]t appears that you have requested copies of the song audio files themselves. These songs are protected under copyrights held be [sic] their respective owners, and we are not at liberty to make copies of them. The audio files can be made available for inspection by pre-arrangement with this office.'" (*Id.*) (alteration in original).

On August 21, 2019 Plaintiff sent another ORA request to Defendant Davis and VSU claiming that the song audio files were not exempt from disclosure for five reasons: (1) many of the songs were not actually copyrighted; (2) even if the songs were copyrighted, the ORA did not have a specific exemption for the copyrighted audio files at issue; (3) that the requested songs had been publicly released and were therefore not exempt from disclosure pursuant to O.C.G.A. § 50-18-72(a)(35); (4) that federal copyright law would not protect the audio files from copying because of the "fair use" doctrine; and (5) that because Plaintiff was incarcerated, in-person inspection of the audio files at issue could not serve as an adequate substitute for duplication of the files. (*Id.* at 6-8.) This is a consequence of incarceration which is not atypical.

On August 23, 2019, Defendant Davis responded to Plaintiff, reiterating his position that the "'audio files of songs played on WVVS[] are subject to federal copyright'" and thus VSU was "not at liberty to provide [Plaintiff] a copy of these and will not do so.'" (*Id.* at 8.) Plaintiff then filed the above-captioned action, contending that Defendants' refusal to provide him with copies of the requested songs violated Plaintiff's (1) *First Amendment* rights by impermissibly restricting the flow of information and ideas, (2) Plaintiff's *Fourteenth Amendment*

4

rights by restricting Plaintiff's access to Government materials without due process, and (3) Georgia's Open Records Act by unlawfully denying Plaintiff's request. (*Id.*)

Plaintiff alleges Defendants' refusal to tender 4,803 audio files in compliance with Plaintiff's first request constitutes "Counts #1-#4803," and Defendants' denial of Plaintiff's second request constitutes "Counts #4804-#9606." (*Id.*) Plaintiff seeks a declaratory judgment stating that the songs requested are not copyrighted and that Plaintiff's intended use would qualify as "fair use" within the meaning of 17 U.S.C. § 107. (*Id.*) Plaintiff also asks this Court declare that that the materials sought are not protected under § 50-18-72(a)(35), and that Defendants' refusal of Plaintiff's request violated the *First Amendment*, the *Fourteenth Amendment* and Georgia law. (*Id.* at 11-13.) In addition, Plaintiff seeks "prospective, equitable, and injunctive relief" to compel Defendants to tender copies the audio files that are not exempt from disclosure and to enjoin Defendants from refusing similar requests from Plaintiff in the future. (*Id.* at 14.) Finally, Plaintiff seeks $4,803,000.00 in civil penalties, $4,803.00 in nominal penalties, unspecified compensatory and punitive damages, the costs of prosecuting the action, and "other such relief that the [C]ourt deems necessary and appropriate." (*Id.* 13-14.)

On July 7, 2020, Judge Langstaff issued a Recommendation for this Court to dismiss the Complaint. (Doc. 12.) Judge Langstaff's Recommendation is in favor of dismissal because Plaintiff failed to state a cognizable constitutional claim under the *First Amendment* and *Fourteenth Amendment*, and Plaintiff's state law claim lacks subject matter jurisdiction. (*Id.* at 5-6.)

In response to Judge Langstaff's Recommendation, Plaintiff filed a Motion for Copies of Records of which the Magistrate Judge took judicial notice (Doc. 13), a Motion for Access to Case Authorities cited in the Magistrate Judge's Recommendation of Dismissal (Doc. 14) and a Motion for Extension of Time to File an Objection to the Magistrate Judge's Recommendation, on July 9, 2020. (Doc. 15.) Judge Langstaff entered an order on August 13, 2020 denying Plaintiff's Motion for Free Copies of Judicially Noticed Records, denying Plaintiff's Motion for Copies of Cases Cited in the Recommendation and granting Plaintiff's Motion for Extension of Time to File an Objection. (Doc. 16.)

On August 31, 2020, Plaintiff filed a timely objection to Judge Langstaff's Recommendation arguing Plaintiff had stated a valid *First Amendment* claim and a valid

5

*Fourteenth Amendment* claim. (Doc. 17.) In that objection, Plaintiff also proffered several bases to support Plaintiff's state law claim having adequate subject matter jurisdiction. (*Id.*) On that same day Plaintiff also filed a Motion for Reconsideration – styled as an objection – to the Magistrate Judge's order denying Plaintiff's Motion for Free Copies of Records and Plaintiff's Motion for Copies of Cases Cited.[2] (Doc. 18.) This Court has elected to review Plaintiff's Motion for Reconsideration first.

Therefore, there are five issues presently before this Court. (1) Whether the Magistrate Judge erred in denying Plaintiff's motion for copies of judicially noticed records? (2) Whether the Magistrate Judge erred in denying Plaintiff's motion for copies of cases cited? (3) Whether the Court should dismiss Plaintiff's First Amendment claim for failure to state a claim. (4) Whether the Court should dismiss Plaintiff's Fourteenth Amendment due process claim for failure to state a claim? (5) And whether the Court has jurisdiction over Plaintiff's state law claims?

**III. Discussion:**

**The Magistrate Judge did not Err in Denying Plaintiff's Motion for Copies of Judicially Noticed Records**

On July 28, 2020, Plaintiff filed a Motion for Copies of Judicially Noticed Records. (Doc. 13.) In that motion Plaintiff requested that the Magistrate Judge provide Plaintiff with free copies of court documents – pertaining to Plaintiff's other actions – that the Magistrate Judge took judicial notice of in the Recommendation. Plaintiff's Motion for Copies of Judicially Noticed Records was denied by United States Magistrate Judge Thomas Q. Langstaff on August 13, 2020. (Doc. 16 at 2.)

Plaintiff subsequently filed a Motion for Reconsideration – styled as an objection – to the Magistrate Judge's denial of his Motion for Copies of Judicially Noticed Records. (Doc. 18 at 7.) For the reasons stated above this Court shall review Plaintiff's objections to the Magistrate Judge's pretrial order *de novo*.

This Court upon fully reviewing the Motion for Reconsideration – styled as an objection – finds that the actual issue before this Court is whether the law entitles a prisoner

---

[2] The Motion for Reconsideration (Doc. 18) was also copied almost verbatim into Plaintiff's objection to Judge Langstaff's Recommendation. (Doc. 17.)

6

plaintiff to free copies of court documents. Plaintiff's six assertions as to why this Court should provide Plaintiff with free copies have no bearing on this issue.[3] (Doc. 18 at 3.) After a *de novo* review of the Magistrate Judge's pretrial order and Plaintiff's objections, Plaintiff's Motion for Reconsideration as to the issue of free copies of records, is **DENIED** for the following reasons.

The United States Court of Appeals for the Eleventh Circuit "has never held that a prisoner's right of access to the courts enables a prisoner-plaintiff, even one proceeding in forma pauperis, to free copies of court documents, even his own pleadings." *Jackson v. Fla. Dep't of Fin. Servs.*, 479 Fed. Appx. 289, 292-93 (11th Cir. 2012) (per curiam). The reason for this is that if prisoners were provided with free copies of records, the courts would be inundated with such requests. Therefore, under the law of the United States Court of Appeals for the Eleventh Circuit, Plaintiff is not entitled to free copies of the judicially noticed records.

Plaintiff is also not proceeding in forma pauperis in this action, has not alleged an inability to pay for any copies that he might desire, and has made no effort to secure these documents from the Northern District of Georgia. (Doc. 16 at 2.) Plaintiff has made no effort to procure these documents from the Northern District of Georgia, despite the Magistrate Judge denying a virtually identical motion requesting the same documents (Doc. 6) on March 30, 2020. (Doc. 8.) As there is nothing preventing Plaintiff from paying the appropriate Court where the action was filed for copies of the requested records, and Plaintiff has not cited law or facts sufficient to reverse the prior decision, Plaintiff's Motion for Reconsideration as to the issue of free copies of records is **DENIED**. Plaintiff may pay for whichever copies of judicially noticed records Plaintiff desires.

---

[3] Plaintiff argues that this Court should provide Plaintiff with copies of judicially noticed records because (1) Plaintiff contends that the Magistrate Judge erred in viewing the issue as one pertaining to access to free copies of documents rather than fairness and propriety of taking judicial notice of online records. (*Id.*) (2) That pursuant to Federal Rule of Evidence 201, Plaintiff is entitled to review the judicially noticed records. (*Id.*) (3) That Plaintiff had no way of knowing that the Magistrate Judge would deny his virtually identical motion for copies of records again, until the Magistrate Judge did so. (*Id.*) (4) Plaintiff never had a copy of some of judicially noticed records, (5) those records which Plaintiff had were destroyed or lost by prison officials during shakedowns or transfers and (6) Plaintiff needs the records to prove that he was never domiciled in Georgia for the purposes of diversity jurisdiction as he never formed the requisite intent to remain. (Doc. 18 at 6.)

7

### The Magistrate Judge did not Err in Denying Plaintiff's Request for Access to Case Authorities

On July 28, 2020 Plaintiff filed a Motion for Access to Case Authorities (Doc. 14) cited in the Magistrate Judge's July 7, 2020 Recommendation. (Doc. 12.) In support of this motion Plaintiff averred that while he had previously had access – through the general population prison law library – to some of the authorities cited by the Magistrate Judge in his Recommendation, Plaintiff did not have access in his current place of incarceration, Valdosta State Prison.[4] (Doc. 14 at 3). The Magistrate Judge denied Plaintiff's Motion for Access to Case Authorities on August 13, 2020. (Doc. 16.)[5] Presently before this Court is Plaintiff's Motion for Reconsideration – styled as an objection – to the Magistrate's denial of his Motion for Access to Case Authorities. (Doc. 18 at 7.) For the reasons stated above this Court shall review Plaintiff's objections to the Magistrate Judge's pretrial order *de novo*.

This Court upon fully reviewing Plaintiff's objections to the Magistrate Judge's pretrial order finds that the question it must decide is whether the Magistrate Judge's refusal to grant Plaintiff's request for copies of cases impermissibly restricted Plaintiff's access to the Courts. To maintain an access to courts claim, a plaintiff must show actual harm. To satisfy the actual harm element of an access to courts claim, the complained of actions "must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim." *Bass v. Singletary*, 143 F.3d 1442, 1444 (11th Cir. 1998). Therefore, this Court must decide is whether the law cited

---

[4] The Court notes that on October 26, 2020 Plaintiff filed a Notice of Change of Address to Smith State Prison (Doc. 19.) As the Court does not know if Plaintiff continues to have inadequate access to a law library at this address it will address his Motion for Reconsideration. (Doc. 18.)

[5] In denying Plaintiff's motion, the Magistrate Judge noted that Plaintiff had filed a virtually identical motion nearly six months ago, had no apparent difficulty filing an Amended Complaint incorporating new causes of action in the meantime, and had filed approximately twenty new cases or appeals in the past six months. (*Id.* at 2.) The Magistrate Judge reasoned that Plaintiff's ability to file pleadings in multiple courts in different states, involving diverse causes of action and bases for jurisdiction and citing appropriate authority – while certifying that Plaintiff had conducted an inquiry reasonable under the circumstances that his claims were warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" per Federal Rule of Civil Procedure 11 – belied Plaintiff's contention that Plaintiff did not have sufficient access to legal research materials. (*Id.*)

by the Magistrate Judge in its Report and Recommendation stands for what the Magistrate Judge cited it for and if it does, what harm to the Plaintiff, if any, resulted from the Magistrate Judge's denial of said access.

As an initial matter, this Court finds that the rules and cases cited in the July 7, 2020 Recommendation stand for what the Magistrate Judge cited them for. Therefore, Plaintiff must show actual harm from the Magistrate Judge's refusal to provide copies of rules and cases. The only harm that Plaintiff will suffer from denying Plaintiff's Motion for Reconsideration is that he will not be able to review the Magistrate Judge's decision at his leisure. That is not a sufficient reason for this Court to provide Plaintiff with free copies of the cases cited. Plaintiff must show some adverse effect from the Magistrate Judge's recommendation to prevail in Plaintiff's Motion for Reconsideration – styled as an objection.

In addition, this Court finds that none of the purported logical arguments[6], factual claims[7] or cases cited[8] by Plaintiff in support of his Motion for Reconsideration are sufficient to find that the Magistrate Judge's pre-trial order denying Plaintiff's request for access to case authorities was incorrect. However, in the interests of justice and due to the lack of binding authority cited by the Magistrate Judge as to this issue (Doc. 16) the Court elected to do its

---

[6] (1) First Plaintiff contends that the Magistrate Judge's reasoning that if Plaintiff can file complaints that it must mean he has adequate access to the courts is contrary to the precedent of the Georgia Supreme Court (*Id.* at 11.) *See Daker v. Humphrey*, 294 Ga 504, 505 n. 1 (2014). (2) Second, Plaintiff contends that the Magistrate Judge's conclusion that if Plaintiff is able to file a complaint certifying that he has conducted an "inquiry reasonable under the circumstances" is illogical. (Doc 18. at 12) (3) Third, Plaintiff contends that the Magistrate Judge applies *Catch-22* reasoning in that no person who can file a complaint claiming a denial of court-access could actually have such a claim. (*Id.*) (4) Fourth, Plaintiff contends that the Magistrate Judge's reliance on Plaintiff's ability to file amended complaints incorporating new causes of action employs the same flawed reasoning that the Supreme Court of Georgia rejected in *Daker v. Humphrey*. (Doc. 18.)

[7] Plaintiff's three factual claims are as follows. (1) That the Valdosta State Prison has not run the lockdown satellite law library since May/June of 2019, so Plaintiff could not have had access to that law library. (*Id.*) (2) That Plaintiff was forced to rely on the *Prisoners' Self-Help Litigation Manual* which was published in 2010 and does not have citations to any cases newer than 2010 or the ability to Shepardize or Keycite cases. (Doc. 18 at 13.) (3) That Plaintiff does not always have the help of family and friends in his legal research, specifically the copying, typing, printing and mailing of documents. (*Id.* at 14.)

[8] Petitioner cites *Daker v. Humphrey*, 294 Ga 504, 505 n.1, (2014); Knop v. Johnson, 977 F.2d 96, (6th Cir. 1992); *Lebron v. Sanders*, 557 F.3d 76, (2nd Cir. 2009); Davis v. Lafler, 692 F. Supp. 2d 705 (E.D. Mich. 2009)

9

own review of binding precedent from the United States Court of Appeals for the Eleventh Circuit.

In the United States Court of Appeals for the Eleventh Circuit, it is established law in that in most criminal proceedings and prisoner civil rights claims that a prisoner has no constitutional right of access to a law library or legal materials where counsel has been offered. *See Edwards v. United States*, 795 F.2d 958, 961 nn. 1 & 3 (11th Cir. 1986) (rejecting a collateral challenge to a criminal conviction based on the denial of library access while the Plaintiff proceeded *pro se* at trial and concluding that "[w]hen counsel is offered the alternative of a library is not mandatory"); *United States v. Denton*, 535 Fed. Appx. 832 (11th Cir. 2013) (unpublished) (reaffirming holding in *Edwards* in case alleging denial of access to court during *pro se* criminal defendant's prosecution.[9] Given that Plaintiff is not defending himself in a criminal proceeding or seeking to assert a civil right – but rather is maintaining a civil action for damages – *Edwards* and *Denton* are distinguishable.

A more on point case is *Straub v. Monge*, which involved a civil forfeiture proceeding against a prisoner's automobile. 815 F.2d 1467 (11th Cir. 1987). In *Straub*, a prisoner was found to have been denied access to the Courts in his civil forfeiture proceeding as the state trial court never ruled on Straub's request to use the law library. *Id.*, at 1486. The United States Court of Appeals for the Eleventh Circuit found that the "right to meaningful access to the courts, although routinely presented in constitutional and civil rights actions, is likewise applicable to the civil forfeiture action against Straub." *Id.*, at 1470. It was the *Straub* Court's position that the constitutional right of access to the courts "has from its inception applied to civil as well as constitutional claims." *Id.*

While the Constitutional right of access to the courts "has from its inception applied to civil as well as constitutional claims," this Court concludes that *Straub* is also distinguishable from the case at hand because no detrimental action is being taken against Plaintiff. Plaintiff is asserting a civil action for damages pursuant to Georgia's Open Records Act. Plaintiff shall not be harmed by this Court declining to provide the Plaintiff with the means to review the

---

[9] Pursuant to *11th Cir. Rule 36-2*, unpublished opinions are not binding precedent but may be cited as persuasive authority.

10

Magistrate Judge's reasoning as the government is not taking a negative action against him. This is not a case of being unable to bring a claim, or the right of access being denied to the detriment of a valid claim. It is a request for limitless opportunity to review the Magistrate Judge's reasoning and citations of legal authority at the expense of the government, which the law does not require. Plaintiff has not been denied anything to his legal detriment. Plaintiff has filed a complaint, an amended complaint and objected to the Magistrate Judge's findings and rulings and as a result the findings and rulings have been reviewed *de novo* by this Court. This Court's review may in turn be reviewed by the United States Court of Appeals for the Eleventh Circuit. Therefore, this Court finds that the reasoning of *Edwards*, controls in this context and Plaintiff's Motion for Reconsideration as to the issue of case copies is **DENIED**.

**The Magistrate Judge did not Err in Finding that Plaintiff did not State a Valid First Amendment Claim:**

On September 29, 2020 Plaintiff filed a timely objection to the Magistrate Judge's conclusion that Plaintiff had failed to state a valid *First Amendment* claim for the purposes of 42 U.S.C. § 1983. (Doc. 17.) The Magistrate Judge concluded that Plaintiff failed to state a *First Amendment* claim – which would give this Court federal question jurisdiction – when Plaintiff argued that Defendant's "refusal to produce the song files ha[d] impermissibly limited [Plaintiff's] access to the information or ideas contained therein." (Doc. 12 at 7.)

In support of the objection, Plaintiff now contends that the Magistrate Judge "misapprehended the nature of Plaintiff's claim." (Doc. 15.) Plaintiff explains that his claim is that "Georgia's ORA mandates disclosure and copying of said records" and that the failure to comply with the Georgia ORA "impermissibly constrict[ed] the flow of information or ideas" in violation of the *First Amendment*. *Muir v. Alabama Educ. Television Comm'n*, 688 F.2d 1033, 1037-38 (Former 5th Cir. 1982) (en banc). (Doc. 17 at 17.) Stated otherwise, Plaintiff argues because the Georgia ORA allows access to files, the *First Amendment* protects against state officials denying said access.

The law is clear, however, that litigants seeking the release of government information under open records acts rely upon a statutory entitlement, not their constitutional right to free expression. *See McGehee v. Casey*, 718 F.2d 1137, 1147 (D.C. Cir. 1983) ("A litigant seeking

11

release of government information under FOIA … relies upon a statutory entitlement … and not upon his constitutional right to free expression.") Therefore, despite Plaintiff's attempt to re-explain the claim, Plaintiff still fails to raise a valid *First Amendment* issue that would confer federal jurisdiction. In addition, while it is generally true that "the Constitution protects the right to receive information and ideas," *Stanley v. Georgia*, 394 U.S. 557, 564 (1969), neither "the First nor Fourteenth Amendment mandates a right of access to government information or sources of information within the government's control. *Houchins v. KQED, Inc.*, 438 U.S. 1, 15 (1978) (plurality opinion); *McBurney v. Young*, 569 U.S. 221, 232-33 (2013) ("This Court has repeatedly made clear that there is no constitutional right to obtain all the information provided by FOIA laws."). The Court finds this conclusion reasonably applicable to Georgia's ORA requests.

In support of the objection that the *First Amendment* protects against state officials denying access that is otherwise conferred by a state statute, Plaintiff cited several cases involving prison regulations. (Doc 17 at 17-20.) From this line of cases, it appears that Plaintiff suggests that the standard created by the United States Supreme Court in *Turner v. Safley* applies in this case. 482 U.S. 78, 107 (1987).

The *Turner* standard states that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." 482 U.S. 107. As plaintiff readily admits in the objection presently before this Court, "[t]his case does not involve a prison regulation, but instead involves Georgia's ORA." (Doc. 17 at 22.) Therefore, Plaintiff incorrectly relies upon the *Turner* standard in attempting to support his argument that the *First Amendment* protects his access to records claim from being arbitrarily or selectively denied.

Finally, Plaintiff did not support his assertion that the Defendants impermissibly restricted the flow of information with factual allegations. Instead, Plaintiff relied upon unsupported conclusory statements to support his contention that Defendants' refusal was impermissible. That is insufficient. As such this Court concurs with the Magistrate Judge that Plaintiff failed to state a cognizable *First Amendment* claim and **ADOPTS** the Magistrate Judge's Recommendation as to this issue.

### The Magistrate Judge did not Err in Finding Plaintiff Failed to Allege Facts Sufficient to State a Due Process Claim Under the Fourteenth Amendment

Plaintiff next objects to the Magistrate Judge's finding in the Recommendation that Plaintiff failed to state a valid due process claim under the *Fourteenth Amendment* for the purposes of 42 U.S.C. § 1983 – which would support federal question jurisdiction. (Doc. 17.) In concluding that Plaintiff had failed to state a valid due process claim under the *Fourteenth Amendment*, the Magistrate Judge noted that the Plaintiff had failed to allege facts sufficient to support either a procedural due process or a substantive due process claim, and that the Georgia ORA provided a state court remedy for the alleged noncompliance. (Doc. 12 at 8.)

Plaintiff objected to the Magistrate Judge's finding that Plaintiff had failed to allege facts sufficient to support either a procedural due process or substantive due process claim and argued that the Magistrate Judge's findings were erroneous for three reasons.[10] Plaintiff's objection, however, misses the mark as to what the Magistrate Judge found to be lacking, facts, and the first two of the objections – that the wrong standard was applied in analyzing the due process claim[11] and that an adequate state court remedy does not exist – are baseless.

Addressing Plaintiff's new argument that the State Court remedy is inadequate or ineffective (Doc. 17 at 23), this Court does not agree. Plaintiff argues a state court remedy is inadequate or ineffective because Defendants have stated in their correspondence that 28 U.S.C. § 1338 precludes them from providing the requested records as they are protected from disclosure by copyright law. (Doc 17 at 25.) Therefore, it is Plaintiff's position that since 28 U.S.C. § 1338 expressly forbids a state court from deciding the next issue, Plaintiff would be prohibited from filing this case in state court even if he wanted to. That is not the law. The Georgia Courts are permitted to make a determination as to whether Georgia Open Records

---

[10] Plaintiff objects to (1) the standard the Magistrate Judge applied in analyzing Plaintiff's due process claim, (2) the Magistrate Judge's finding that a state court remedy exists, and (3) Plaintiff raises a new argument that the State Court remedy is inadequate or ineffective. (Doc. 17 at 23.)

[11] The Magistrate Judge analyzed Plaintiff's claim under both the substantive due process frame and procedural due process frameworks, and the Magistrate's analysis was never explicitly limited to property interests alone. (Doc. 12 at 7-10.)

13

Act confers upon Plaintiff the right to receive the requested audio files, and Georgia Courts are capable of interpreting and deciding what Georgia law requires.

In addition, Plaintiff in his Amended Complaint (Doc. 11) neither alleges nor brings a claim pursuant to 28 U.S.C. § 1338 and fails to allege facts sufficient to establish that Plaintiff's claims are actionable pursuant to 28 U.S.C. § 1338. Instead, Plaintiff merely anticipates that Defendants will raise 28 U.S.C. § 1338 as a defense in a state court action.[12] Given that a "federal district court's original federal question jurisdiction must be posited upon the plaintiff's pleading of his own case, and not by defendant's response or even plaintiff's anticipation of a federal element in that response," *Bd. Of Ed. Of City of Atlanta v. am. Fed'n of State, Cnty. & Mun. Emp., AFL-CIO*, this Court concurs with the Magistrate Judge that Plaintiff has failed to provide sufficient facts to raise a *Fourteenth Amendment* claim pursuant to 42 U.S.C. § 1983 that could serve as a basis for federal question jurisdiction. 401 F. Supp. 687, 690 (N.D. Ga. 1975).

As Plaintiff has not alleged any additional facts that would support either a substantive or procedural due process claim in his objection, but rather relies upon conclusory statements that fail to address the Magistrate Judge's reasoning or note any material errors therein, this Court cannot agree with Plaintiff that the Magistrate Judge's conclusion – that plaintiff failed to allege sufficient facts to state either a substantive or procedural due process claim – was erroneous. Therefore, this Court **ADOPTS** the Magistrate Judge's Recommendation as to this issue.

---

[12] Plaintiff argues in his objection that Defendants have already invoked a federal defense based on copyright to Plaintiff's ORA request, but that is not the case because they have yet to respond in this action. (Doc. 17 at 27.) In addition, it would not change this Court's analysis because the United States Supreme Court has found that even when a federal defense is anticipated in a plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case, it is insufficient to confer Federal Jurisdiction. *See Franchise Tax Bd. Of Cal. V. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14 (1983).

### The Magistrate Judge did not Err in Finding the Court Lacks Original Federal Question Jurisdiction Over Plaintiff's Claims

Plaintiff next contends that the Magistrate Judge erred in finding that it lacked original jurisdiction over this matter pursuant to the assertion of a federal copyright defense under 28 U.S.C. §1338(a). It is Plaintiff's position that this Court has exclusive, mandatory, jurisdiction over this action because 28 U.S.C. § 1338(a) expressly forbids state courts from exercising jurisdiction over cases related to copyrights. (Doc. 17 at 26.)

The law is clear, however, that "a federal district court's original federal question jurisdiction must be posited upon the plaintiff's pleading of his own case, and not by defendant's response or even plaintiff's anticipation of a federal element in that response." *Bd. Of Ed. Of City of Atlanta v. Am. Fed'n of State, Cnty. & Mun. Emp., AFL-CIO*, 410 F. Supp. 687, 690 (N.D. Ga. 1975)' *see also Miccosukee Tribe of Indians of Fla. V. Kraus-Anderson Constr. Co.,* 607 F.3d 1268, 1273 n.8 (noting that under the "well-pleaded complaint rule," a court must look only to the allegations in the complaint to determine whether federal question jurisdiction exists; the court may not consider an affirmative defense that arises under federal law).

The "well-pleaded complaint" rule applies with equal force in the context of 28 U.S.C. §1338(a). *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 809 (1988). In that case the United States Supreme Court noted that whether a claim arises under copyright law "must be determined from what necessarily appears in the plaintiff's statement of his own claim …, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Id.* It necessarily follows that a case alleging a federal copyright law defense does not "arise under [copyright] law, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Id.*

Accordingly, the Court concurs with the Magistrate Judge's conclusion that this Court lacks original federal question jurisdiction over Plaintiff's claims based on the assertion of a federal copyright defense. (Doc. 12 at 11.) Therefore, this Court **ADOPTS** the Magistrate Judge's Recommendation as to this issue.

**The Magistrate Judge did not Err in Concluding that the Court Lacks Diversity Jurisdiction Over this Action**

Plaintiff next objects to the Magistrate Judge's conclusion that diversity jurisdiction was not established in this case. (Doc. 17 at 27.) Plaintiff contends that this Court has diversity jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Plaintiff contends that diversity jurisdiction exists over this action, because Defendants are domiciled in Georgia, and Plaintiff claims to be a citizen of Florida.[13] (Doc. 17 at 28.) In his objection Plaintiff claims that he is not domiciled in Georgia, because he never formed the requisite mental intent to become a citizen of Georgia when his parents moved to Georgia during his adolescence. Upon careful review of Plaintiff's Amended Complaint and objection this Court concurs with the Magistrate Judge's conclusion that Plaintiff is in fact a citizen of Georgia.[14]

This Court concurs with the Magistrate Judge's conclusion that Plaintiff is a citizen of Georgia for three reasons. First, Plaintiff did not allege any of the facts now alleged in his objection regarding his parents domicile, Plaintiff's trips to Florida, or his intent to return to Florida in his Amended Complaint. (Doc. 11.) Second, Plaintiff has not provided the Court with sufficient "positive evidence"[15] to rebut the finding that Plaintiff was a Georgia citizen at the time of incarceration and the presumption that necessarily follows that Plaintiff is domiciled in Georgia. *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. ala. 1998); *See also Polakof v. Henderson*, 370 F. Supp. 690, 693 (N.D. Ga. Aug. 3, 1973, *aff'd* 488 F.2d 977 (5th Cir. 1974) (a prisoner is presumed to retain the domicile he had prior

---

[13] "For Diversity purposes, citizenship means domicile." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).
[14] Therefore, this Court finds it unnecessary and declines to address all of Plaintiff's factual allegations and claims as to this issue.

[15] Plaintiff objected to the Magistrate's findings because it was unclear to Plaintiff what "enough" "positive evidence" would be (Doc. 17 at 30). In the interests of justice this Court has decided to provide a list of items that other Courts have deemed to be sufficient positive evidence. Documentation of the following in Florida for extended periods leading up to Plaintiff's arrest could be deemed to be sufficient positive evidence: "location of employment; home ownership and ownership of other real property; location of one's household furnishings; registration and title to one's automobiles; driver's licensing; voter registration; payment for utilities; banking; acquiring a telephone number and listing it; receiving mail; and establishing membership in local, professional, civic, religious, or social organizations." *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003).

16

to incarceration). Third, Plaintiff's brief residency in Florida, in the age of minority, has no bearing upon Plaintiff's domicile today.

The first reason this Court concurs with the Magistrate Judge is that the Plaintiff did not allege any of the facts stated in his objection regarding Florida domicile in Plaintiff's Amended Complaint. (Doc. 11.) In the Amended Complaint, Plaintiff simply provided a conclusionary statement that he is a domiciliary of the State of Florida and lists his parent's address. (*Id.* at 3.) The additional facts Plaintiff presents in his objection to the Magistrate Judge's Recommendation are an attempt to backfill and this Court declines to consider them, as Plaintiff was already given the opportunity to amend his complaint once. Even if this Court did consider them though, it would not change this Court's findings for the reasons that follow.

The second reason this Court concurs with the Magistrate Judge is that Plaintiff has not provided the Court with sufficient "positive evidence" to rebut the finding that Plaintiff was a Georgia citizen at the time of incarceration. Plaintiff has not presented sufficient positive evidence because Plaintiff's self-serving assertions that he is a Florida citizen are entitled to "little weight." *See Molinos Valle Del Cibao, C. Por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011) ("Courts generally give little weight to a party's profession of domicile; they do so because these declarations are often self-serving.") The facts as found by the Magistrate Judge are that Plaintiff left Florida thirty (30) years ago – when he was approximately thirteen years old – owned a home in Lawrenceville, Georgia from October of 2009 until August of 2018, incorporated a business in Georgia prior to his arrest, and has admitted that he lived his entire adult life in Georgia. (Doc. 12 at 14-15.) This is weighty evidence that a Court may consider in determining domicile.

In comparison, Plaintiff has offered no objective facts that this Court can rely upon that show Plaintiff personally formed a specific intent to establish domicile in Florida at any time prior to his incarceration. Plaintiff has merely alleged facts that may support a claim that his family, specifically his parents, had an intention to return to Florida at some indefinite

17

point in the future. (Doc. 17 at 29.)[16] The plans of Plaintiff's family are not relevant for the purposes of determining Plaintiff's domicile, however as Plaintiff was an adult at the time of his arrest. What is relevant is Plaintiff's own specific intent to establish domicile as an adult. And Plaintiff has not provided any facts that would enable the Court to find that intent.

The third reason this Court concurs with the Magistrate Judge's finding of Georgia citizenship is because Plaintiff's brief residency in Florida, in the age of minority, has no bearing upon Plaintiff's domicile today. Plaintiff's residency in Florida, in the age of minority, has no bearing because children are presumed to lack the capacity "to form the requisite intention necessary to establish" domicile. *Arrendondo v. Brockette*, 648 F.2d 425, 435 (5th Cir. 1981). This is because a "minor is not *sui juris*." *Medlin v. Church*, 157 Ga. App. 876 (Ga. App. 1981). Accordingly, most minors are "legally incapable of forming the requisite intent to establish a domicile, their domicile is determined by that of their parents." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Therefore, Plaintiff became a Georgia citizen either when his parents moved to Georgia in 1990 or when Plaintiff chose to remain his entire adult life in Georgia upon reaching the age of majority. (Doc. 12 at 14.) As such, Plaintiff cannot assert Florida citizenship based upon a brief period of residency as a minor.

For the above reasons this Court **ADOPTS** the Magistrate Judge's Recommendation as to the issue of the lack of diversity jurisdiction.

## CONCLUSION

In conclusion, this Court dispenses with Plaintiff's five issues as follows. (1) This Court **DENIES** Plaintiff's Motion for Reconsideration as to the Magistrate Judge's denial of free copies of judicially noticed court records. (2) This Court **DENIES** Plaintiff's Motion for Reconsideration as to the Magistrate Judge's denial of free copies of cases cited in the August 12, 2020 Recommendation. (3) This Court **ADOPTS** the Magistrate Judge's finding in its Recommendation that Plaintiff failed to state a First Amendment claim. (4) This Court

---

[16] In support of this contention Plaintiff avers that his family-owned multiple properties, including a business in Florida and that his brothers were born in Florida. (Doc. 17 at 29.) And that prior to his arrest, Plaintiff's family was beginning preparations to return to Florida, through the sale of their home in Georgia. (Doc. 17 at 30.)

**ADOPTS** the Magistrate Judge's findings in its Recommendation that Plaintiff failed to allege sufficient facts to raise a valid due process claim under the Fourteenth Amendment. And finally this Court **ADOPTS** the Magistrate Judge's finding that this Court does not have subject matter jurisdiction – particularly diversity jurisdiction – over Plaintiff's state law claim. Lacking jurisdiction, the Court declines to consider Plaintiff's state claims and dismisses them without prejudice. In summary, the Court finds that the Magistrate Judge's Recommendation should be and hereby is **ACCEPTED** and **ADOPTED** and made the order of this Court for the reasons stated therein together with the findings made and conclusions reached herein. Further, upon complete review, the Court finds no clear error.

Finally, Plaintiff's two pending Motions to Expedite Consideration of Objections to the Recommendation filed on July 1, 2021 and August 30, 2021 respectively (Docs. 20 and 21) are **DENIED** as they are now **MOOT**.

**SO ORDERED**, this   17th   day of September 2021.

                                       **/s/ W. Louis Sands**
                                       **W. LOUIS SANDS, SR. JUDGE**
                                       **UNITED STATES DISTRICT COURT**